FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 FEB 12 AM 9:37

CLERK'S OFFICE
AT BALTIMORE

BY _____*_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CATHERINE DENISE RANDOLPH
    Plaintiff,
v.        *    CIVIL ACTION NO. JKB-15-314

UNITED STATES ATTORNEY    *
GENERAL ERIC HOLDER, *et al.*
DEPARTMENT OF JUSTICE    *
    Defendants.

\*\*\*\*\*

## MEMORANDUM

On February 4, 2015, plaintiff, a resident of Baltimore, Maryland, filed this self-represented action, naming the United States Attorney and unnamed parties as defendants. In her statement of facts, she raises the following claims:

> "I am filing a claim because my need my relief grant for good cause. The relief needs to be granted due to ongoing public disclosure 8½ years: including false imprisonment (Criminal cases #506069025 and #506069026 pending untimely 6 years) case disposition: dismissed (thrown out –no evidence-no convictions). Loss wages – loss time cause of criminal cases pending 6 years unconstitutional infliction of mental distress-dignity harm-currently publicity 24/7 everywhere I go by unlawful surveillance hackers (4234 Shamrock Ave.) illegal broadcasting home business. Stop cyber threats extortion by written and verbal –photo images violated Federal wiretap statute prohibit advertising 18 U.S.C. 2512 please forfeit devices from government security surveillance system 18 U.S.C. 2513. Please consider to grant my relief punitive damages: misappropriation lends to identity theft. I need my privacy restored. I am an innocent suffering victim-mental distress and ongoing public disclosure-unconstitutional."

ECF No. 1 at p. 2. Plaintiff seeks an injunction to "forfeit unlawful surveillance devices" from a "government surveillance database" and asks to be awarded $3,000,000,000.00 in damages. *Id.* at p. 3.[1] In addition, on February 5, 2015, plaintiff filed a motion to amend her complaint. ECF No. 3. Mindful that plaintiff is proceeding as a self-represented litigant, the court has generously construed

---

[1] Attached to the complaint are copies of Maryland statutes relating to the recording or broadcasting of criminal proceedings and extortion by written or verbal threat. ECF No. 1 at Exhibits.

her motion as a request to amend her relief request to include declaratory relief and punitive damages for "ongoing public disclosure 24/7 sexual solicitating [sic] messages to TV, radio, cellphone sexting by hackers." ECF No. 3. Plaintiff has moved to proceed in forma pauperis. ECF No. 2. Because she appears indigent, she shall be granted leave to proceed without the prepayment of the $400.00 civil filing fee. Her complaint shall, however, be summarily dismissed.[2]

Pursuant to 28 U.S.C. § 1915,[3] the courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted. Therefore, pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. See *Fogle v. Blake*, 227 F. App'x 542, *1 (8th Cir. July 10, 2007) (unpublished) (affirming district court's pre-service dismissal of non-prisoner's § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminarily screen a non-prisoner complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N.D. W. Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis).

A complaint is frivolous if it is without "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In this case, plaintiff is proceeding pro se. When reviewing a

---

[2] Plaintiff has filed several prior cases raising civil rights claims regarding alleged wiretapping by her neighbor at 4234 Shamrock Avenue. See *Randolph v. State*, Civil Action No. GLR-14-2713 (D. Md.); *Randolph v. New Technology*, Civil Action No. ELH-14-3068 (D. Md.); *Randolph v. Baltimore City States Attorney*, Civil Action No. WDQ-14-3176; and *Randolph v. U.S. Attorney General, et al.*, Civil Action No. GLR-14-3298 (D. Md.). All cases were summarily dismissed.

[3] The statute provides in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

pro se complaint, courts hold it "to less stringent standards than formal pleadings drafted by lawyers...." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A court, however, may dismiss a claim as frivolous if "the facts alleged are 'clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke*, 404 U.S. at 327).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must also dismiss plaintiff's complaint if it fails to state a claim on which relief may be granted. Although a pro se plaintiff's pleadings are liberally construed, plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). This "plausibility standard requires [plaintiff] to demonstrate more than a sheer possibility that a defendant has acted unlawfully." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). Indeed, plaintiff must articulate facts that, when accepted as true, demonstrate she has stated a claim entitling her to relief. *Id.*

Upon generous construction of the complaint, the court finds that plaintiff has failed to set out a claim entitling her to relief. Sections 2512 and 2513 of Title 18 of the U.S. Code are criminal statutes and do not provide a basis to impose civil liability. *Flowers v. Tandy Corp.*, 773 F.2d 585, 588 (4th Cir. 1985). Moreover, to the extent that plaintiff asserts she is a crime victim, this court has no authority to initiate criminal charges. In our legal system, the decision whether or not to prosecute, and for what offense, rests with the prosecution. *See, e.g., Borderkircher v. Hayes*, 434 U.S. 357, 364 (1978). The Supreme Court said in *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973): "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest

in the prosecution or non-prosecution of another." *See also Banks v. Buchanan*, 336 F. App'x 122, 123 (3d Cir. 2009) (unpublished); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012), *aff'd*, Civ. No. 12-5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012), *cert. denied*, __ U.S. __, 133 S. Ct. 1263 (2013). If plaintiff seeks to pursue criminal charges, she must bring her allegations to the attention of law enforcement authorities. Further, the factual assertions and legal conclusions raised in the document regarding plaintiff's next door neighbor and wiretapping devices following plaintiff "everywhere" amount to continuous nonsensical chatter. The allegations are "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised," and thus may be dismissed for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see also Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994). The document contains no allegations of legal significance, fails to state a claim upon which relief may be granted, and must be dismissed.

For the aforementioned reasons, the court, by separate order, will dismiss the case for failure to state a claim against defendants.[4]

Date: February //, 2015

James K. Bredar
United States District Judge

---

[4] Plaintiff's motion to amend shall be denied.